United States District Court
Middle District of Florida
Jacksonville Division

**ROGER VERNON HAWTHORNE,**

    *Plaintiff,*

v.                                                               No. 3:18-cv-385-J-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

---

# Order

Roger Hawthorne's attorney, Chantal Harrington, has filed a petition under 42 U.S.C. § 406(b) seeking an award of $9670.50 for her successful representation of him. Doc. 25. The Commissioner of Social Security does not oppose the petition. Doc. 25 at 19.

## Background

Hawthorne applied for disability-insurance benefits and supplemental-security income. Tr. 204–11. An Administrative Law Judge found he was not disabled, and the Appeals Council denied his review request. Tr. 1–29.

Hawthorne brought this case to challenge the decision. Doc 1. He and Harrington entered into a standard contingent-fee agreement under which she agreed to represent him, and he agreed to pay her 25 percent of any past-due benefits. Doc. 25 at 3; Doc. 25-2.

On Hawthorne's behalf, Harrington filed a complaint, Doc. 1, and a 20-page brief arguing why the decision was wrong, Doc. 15. The Commissioner filed an unopposed motion to vacate the administrative decision and remand the case for

reconsideration of certain medical evidence. Doc. 17. The Court vacated the decision and remanded the case for further agency proceedings. Doc. 19. The Court later granted a request for fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and awarded Hawthorne $4417.16 in attorney's fees based on 22 hours of work. Doc. 23.

On remand, the Social Security Administration ("SSA") determined Hawthorne was entitled to $62,682 in past-due benefits. Doc. 25 at 3. The SSA set aside $15,670.50 (25 percent) for attorney's fees. Doc. 25 at 3; Doc. 25-3 at 4. This petition, Doc. 25, followed.

**Law & Analysis**

For representation during court proceedings, 42 U.S.C. § 406(b) provides that an attorney who obtains remand may petition for fees, and the court, as part of its judgment, may allow reasonable fees that do not exceed 25 percent of past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275–77 (11th Cir. 2006). The fees are from the past-due benefits. 42 U.S.C. § 406(b)(1)(A). "The 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019).

Separately, under the EAJA, 28 U.S.C. § 2412(d), a court must order the United States to pay fees to a party who prevails against the United States, including in a social-security case, unless the United States' position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The fees are based on the attorney's hours and rate, capped at $125 per hour, unless a special circumstance justifies more. 28 U.S.C. § 2412(d)(2)(A).

An attorney may obtain fees under both § 406(b) and the EAJA but must refund the lesser fees to the claimant, and may do so by deducting the EAJA fees from the § 406(b) petition. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

In evaluating an attorney's request for authorization to charge § 406(b) fees based on a contingent-fee arrangement, a court must follow the framework in *Gisbrecht v. Barnhart,* 535 U.S. 789 (2002). There, the Supreme Court endorsed the use of contingent-fee arrangements in social-security cases but cautioned that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible for delay that increased past-due benefits, or the "benefits are large in comparison to the amount of time counsel spent on the case," thereby creating a windfall to the attorney. *Id.*

*Gisbrecht* requires a claimant's attorney to show the requested fee "is reasonable for the services rendered." *Id.* at 807. In assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.

After *Gisbrecht*, to assess the reasonableness of requested fees, courts have also considered the risk of litigation loss, the difficulty of the case, the attorney's experience, the percentage of past-due benefits that the requested fees would consume, the value of the case to the claimant, and the claimant's consent to the requested fee. *Jeter v. Astrue,* 622 F.3d 371, 382 (5th Cir. 2010). As to *Gisbrecht*'s windfall prohibition, the Fifth Circuit has explained:

3

> [I]f a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time. In this way, *Gisbrecht*'s 'windfall' does not preclude attorneys from recovering what may mathematically seem like a high fee award if the attorney's success on appeal is of his own making.

*Id.* at 381.[1]

Harrington explains the SSA issued a final notice of award on January 8, 2020.[2] Doc. 25 at 3; *see* Doc. 25-3 (notice). The contingent-fee agreement contemplates a fee award of $15,670.50 (25 percent of past-due benefits), but Harrington seeks less: **$9670.50**, with a net fee of **$5253.34** (the difference between the requested $9670.50 and the $4417.16 in EAJA fees).[3] Doc. 25 at 1, 3.

---

[1]Among other cases, Harrington relies on a recent case in which this Court awarded $35,237.87 in attorney's fees for 23.9 hours of work despite the Commissioner's opposition and request to reduce the fees, contending the fees resulted in a windfall to counsel. Doc. 25 at 10–12 (citing *Amador v. Acting Comm'r of Soc. Sec. Admin.*, 8:16-cv-3271-T-MCR, 2019 WL 2269826 (M.D. Fla. May 28, 2019) (unpublished)). This Court explained, "The Commissioner essentially argues that the amount of attorney's fees requested constitutes a windfall based on the lodestar method. However … re-adopting the lodestar method in these types of cases would likely have a chilling effect on the willingness of attorneys to undertake these types of cases on a contingency fee basis. Further, the issue in these types of cases is not just the likelihood of success in federal court, but also the unlikelihood of prevailing after a remand from federal court." *Amador*, 2019 WL 2269826, at *1–3 (internal citation omitted).

[2]Under the Court's standing order, counsel must request fees "not later than thirty (30) days" after the SSA sends a letter "to the plaintiff's counsel of record at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorney's fees." *In re: Procedures for Filing for Applying for Attorney's Fees under 42 U.S.C. §§ 406(b) and 1383(d)(2)*, 6:12-mc-124-orl-22 (Nov. 14, 2012).

Because the SSA sent the final past-due-benefits letter on January 8, 2020, the petition filed on January 22, 2020, is timely.

[3]Harrington explains the attorney who represented Hawthorne in the administrative proceedings, Charles Romo, Esquire, is receiving $6000 in fees under 46 U.S.C. § 406(a). Doc. 25 at 3. The $9670.50 she seeks is the balance of the total fees withheld ($15,670.50) minus $6000.

To satisfy her burden of establishing the requested fees are reasonable, Harrington observes: the amount is less than the amount authorized by the contract between her and Hawthorne and within the statutory limit; he obtained substantial past-due benefits; he benefited from her skills and experience in social-security cases; she acted speedily and diligently; and other courts have approved similar or higher fees. Doc. 25 at 7, 9, 10–14.

Harrington contends the amount sought is reasonable because it "reflects the extremely contingent nature of the recovery in this case." Doc. 25 at 7. She explains changes in the law and decreased award rates make "federal court work in the Middle District of Florida even riskier," and contends that, "[f]or the benefit of claimants, the courts should enforce these agreements so that attorneys are still willing to handle Social Security cases in federal court." Doc. 25 at 7–8. She explains she has significantly reduced her work in federal court, and any risk is increased because of the double contingency (winning in federal court and winning before the SSA on remand). Doc. 25 at 12, 17. She adds she does not handle court appeals of social-security decisions on a non-contingent basis because doing so would be illegal. Doc. 25 at 8, 15.

Harrington also contends the fee is not a windfall because it is not unexpected; Hawthorne knew if he received a large amount of past-due benefits, she would be owed a corresponding large fee, and both parties expected a fee award of 25 percent if successful on remand. Doc. 25 at 15–16. She explains he consented to a 25-percent award in the fee contract. Doc. 25 at 18.

Considering Harrington's observations and contentions, the requested fees are reasonable. The Court is mindful of *Gisbrecht*'s instruction that a downward adjustment is in order if the benefits are large compared to the time spent on the case. *See Gisbrecht,* 535 U.S. at 808. But considering the substantial risk of no award, that Hawthorne's success may be attributed to Harrington's skills and experience,

5

and that she is seeking less than the contractual amount, it is appropriate for her to "reap the benefit of her work." See *Jeter*, 622 F.3d at 380–81 (quoted).

## Conclusion

The Court:

1. **grants** the petition, Doc. 25;

2. **authorizes** Harrington to charge Hawthorne $9670.50 out of past-due benefits for her successful representation in this case, with the Commissioner paying her the net amount of **$5253.34** to account for the $4417.16 in EAJA fees that must be refunded; and

3. **directs** the clerk to enter judgment accordingly and close the file.

**Ordered** in Jacksonville, Florida, on February 10, 2020.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record